## SPORS v. SHULTHEIS.

*(Supreme Court, General Term, Fifth Department.  December 30, 1889.)*

JUDGMENT—SATISFACTION—ATTORNEY'S LIEN.

Notes of defendant to plaintiff were taken in satisfaction of judgments against defendant's husband.  In said notes an amount was included as the sum due plaintiff's attorney for his services in procuring the judgments so satisfied, and for which the latter had a lien on said judgments.  Plaintiff took judgments against defendant on said notes, and received and entered satisfaction thereof, without the attorney's consent.  *Held*, that the satisfaction should be vacated, and the judgments reinstated, so far as necessary to protect the attorney's interest.

Appeal from special term, Erie county.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*F. R. Marsh*, for appellant.  *William L. Jones*, for plaintiff.  *Respondent pro se.*

MACOMBER, J.   Prior to the 13th of January, 1888, the plaintiff had received from one Charles Shultheis, the husband of this defendant, four promissory notes, three of which were each in the sum of $100, and the other in the sum of $60, for an antecedent debt owing by the maker of the notes to the plaintiff.   Three of these notes were severally put into judgment against Charles Shultheis by the plaintiff, acting by his present attorney, Mr. Jones, in the months of November and December, 1887, and January, 1888.   This defendant, the wife of the maker of the above-mentioned notes, gave her promissory notes to the plaintiff in payment or satisfaction of the notes of her husband, upon three of which, each in the sum of $100, judgment was entered against her June 8, July 10, 1888, and May 25, 1889.   These notes, so executed by the wife, and which were thus put into judgment, represented the amount of the lien of the attorney in the actions against Charles Shultheis in the sum of $40, together with the original indebtedness owing by Charles to the plaintiff.   In the month of May, 1889, after the entry of the last judgment above mentioned, the plaintiff, without the consent or knowledge of his attorney, discharged these three several judgments against this defendant.   Upon a motion of the attorney of record for the plaintiff, these satisfactions of judgment were set aside to the extent of reinstating the judgments, so as to secure the lien of the attorney, created by the sixty-sixth section of the Code of Civil Procedure.

As the learned justice at special term holds, the costs of the first actions against the husband, amounting to $40, which went into the settlement, was a debt owing by the plaintiff to his attorney.   To that extent the attorney owned the right of action, as represented by the new notes taken from the wife.   The money to be collected thereon would be received for his benefit, and his right to recover it could not be defeated by any action on the part of the plaintiff, in the absence of an actual payment thereof.

It is urged upon our attention quite strenuously that the special term erred in deciding that it was established that the suits in which these judgments were recovered for the plaintiff against this defendant were commenced under the plaintiff's retainer.   If this were true in point of fact, a strong argument could be based thereon, favoring the absolute right of the plaintiff to repudiate the settlement with Charles, and to refuse to receive the notes of his wife in lieu of his indebtedness, and consequently to repudiate the judgments which were entered thereon.   An inspection of the affidavits, however, shows that the learned justice at special term was quite correct in his conclusions that it

was established that these suits were instituted, and the judgments recovered thereon, under the retainer and authority of the plaintiff. The affidavit of the plaintiff is not sufficient to overcome the positive assertion of other persons, and the controlling circumstances of the case, particularly as the plaintiff is shown to be a person of treacherous memory and vacillating purpose.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.